# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-382


J. MICHAEL WILSON, ET AL.

VERSUS

CORRIE WILSON PAUL, ET AL.


**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 24,947
HONORABLE KATHY JOHNSON, DISTRICT JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**Philip A. Letard**
**Attorney at Law**
**109 Carter Street**
**Vidalia, LA 71373**
**(318) 336-8990**
**Counsel for Plaintiffs/Appellees:**
    **J. Michael Wilson**
    **Robbie Marie Wilson**

**Paul A. Lemke III**
**Attorney At Law**
**P. O. Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**Counsel for Defendant/Appellant:**
    **Corrie Wilson Paul**

**Andrew Lawrence Paul**
**In Proper Person**
**260 Palmetto Branch Road**
**Jena, LA 71342**

**DECUIR, Judge.**

This appeal arises from a custody dispute regarding Davis Paul, the seven-year-old son of Corrie Wilson Paul Bass and Andrew Paul. Corrie's father and step-mother, J. Michael Wilson and Robbie Marie Wilson, petitioned the court for sole custody of Davis and requested an *ex parte* temporary custody order, alleging that Davis' parents are drug addicts, are in a violent relationship, associate with disreputable people, and are otherwise unfit to care for their minor child. The *ex parte* order was granted, and a hearing on continued temporary custody was held. The trial court ruled in favor of the grandparents and awarded temporary custody of Davis to them, with liberal visitation rights for Corrie and supervised visitation rights for Andrew. Corrie appeals, and for the following reasons, we affirm.

The record discloses the following facts: Corrie and Andrew were married in 2000 and divorced in 2006. Davis is their only child. Corrie and Andrew stipulated to joint custody, with Corrie as the domiciliary parent. Andrew has had regular weekend visitation. Both parents acknowledged in their testimony that they have used drugs frequently in the past and that their marriage included some violent episodes. Subsequent to the divorce, Corrie has been primarily unemployed and has moved several times. For a short while, she lived with Jeffrey Sharp, an old boyfriend with a criminal past and with whom she needed to resolve issues, but who became physically abusive to her and drank to excess. Later, Corrie moved in with Damon Bass, a man she has known since childhood and who also has a criminal past, but has never been violent toward her or Davis. After a few months, Corrie and Andrew decided to reunite and spent the Christmas holidays together as a family with Davis. However, Corrie and Davis returned to Damon Bass's home three weeks later, and she is now married to Bass.

In addition to the testimony of the parents, the record contains the testimony of the minor child whose custody is at issue, as well as testimonies of the Wilsons, Corrie's sisters, Damon Bass, and Deputy Tony Edwards. The evidence was unrefuted that Davis had missed sixteen school days by February of the current school year, often because of stomach aches or tiredness. Davis has moved often with his mother and has witnessed his parents' fights and Jeffrey Sharp's drug use. However, Davis likes Damon Bass and describes him as a "good man." There is no question that both Corrie and Andrew have used drugs extensively during their lifetimes. Nevertheless, during the course of these proceedings, Corrie was ordered to undergo three drug screens, all of which she passed. Andrew, on the other hand, tested positive during these proceedings. There is also no question that the Wilsons are genuinely concerned about the welfare of their grandson, given Corrie's long history of drug abuse, her current declination to support herself and her son, and her difficult relationships with men.

After reviewing the applicable legislative pronouncements and requisite burden of proof, the trial court determined that the Wilsons "have met their burden of proof and have shown to the satisfaction of this Court that granting custody of **DAVIS** to either **MRS. BASS** or **MR. PAUL** would at the present time be ***detrimental*** to the minor child ***and*** that the ***best interest*** of **DAVIS** requires a '***temporary***' award of custody to **MR. AND MRS. WILSON.**" Nevertheless, the trial court granted visitation rights to Corrie that included seven-day periods twice a month when Bass is working out of town. The trial court also granted weekend visitation to Andrew, as long as the visits take place at Andrew's mother's home and the child is transported by the grandmother.

The trial court established a liberal visitation schedule in favor of Corrie Bass, perhaps being hesitant to jeopardize in any way the relationship between Corrie and Davis. In fact, the record shows, and the trial court acknowledged, that Corrie is "in the process of recognizing her drug problems and her parenting problems and is attempting to remedy these with drug counseling and psychological counseling." Corrie is now married to Damon Bass and professes to be committed to the relationship. In addition to the biweekly visitation ordered by the trial court, Corrie visits with Davis daily after school at her father's house. We find the visitation schedule effected by the trial court is designed to provide both stability and security for this seven-year-old child.

The concept of parental primacy is well established in Louisiana law, and the Wilsons are therefore required to make a very strong showing before custody should be awarded in their favor. *See Cutts v. Cutts*, 06-033 (La.App. 3 Cir. 5/24/06), 931 So.2d 467. "In a conflict between parents and nonparents, the parent enjoys the paramount right to custody of a child, and may be deprived of such right only for compelling reasons." *Tennessee v. Campbell*, 28,823, p.6 (La.App. 2 Cir.10/30/96), 682 So.2d 1274, 1278.

Article 133 of the Civil Code governs custody awards to nonparents. It provides:

> If an award of joint custody or of sole custody to either parent would result in substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and stable environment, or otherwise to any other person able to provide an adequate and stable environment.

"At an initial custody contest between a parent and a nonparent, the burden of proof is on the nonparent to show that granting custody to the parent would be detrimental to the child, and that the best interest of the child requires an award of

3

custody to the nonparent." *Tennessee*, 682 So.2d at 1278. *See also, Martin v. Dupont*, 32,490 (La.App. 2 Cir. 12/8/99), 748 So.2d 574.

Our review of the record reveals no manifest error in the judgment rendered by the trial court. The Wilsons met their burden of proving that custody in Corrie's favor would result in substantial harm to Davis, given the evidence of frequent stomach aches and missed school days. The emotional turmoil exhibited by the child can be attributed to the frequent moves and various men in Corrie's life which the trial court thought could subside in the future with proper help. Therefore, the temporary custody decree granting custody of Davis to Michael and Robbie Wilson must be affirmed.

Accordingly, the judgment appealed from is affirmed. Costs of this appeal are assessed to Corrie Wilson Paul Bass.

**AFFIRMED.**